## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CALIFORNIA INDIAN LAW ASSOCIATION,  )
c/o Adam P. Bailey, President  )
1903 21st St., Third Floor  )
Sacramento, CA 95811,  )
  )
    Plaintiff,  )
  )
      v.  )     Civil Action No. _____
  )
UNITED STATES DEPARTMENT OF JUSTICE,  )
950 Pennsylvania Ave. NW  )
Washington, D.C. 20530  )
  )
    Defendant.  )

### COMPLAINT

1.    California Indian Law Association ("CILA"), by and through undersigned counsel, brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the disclosure of records that were requested of and improperly withheld or redacted by the United States Department of Justice ("DOJ").

### JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction over this action pursuant to 5 U.S.C. Section 552(a)(4)(B) and 28 U.S.C. Section 1331.

3.    Venue for this action is proper in this judicial district under 5 U.S.C. Section 552(a)(4)(B) and 28 U.S.C. Section 1391(b)(2).

### PARTIES

4.    Plaintiff CILA is a nonprofit mutual benefit corporation organized under the Non-Profit Corporation Code of the Hoopa Valley Tribe, a federally recognized Indian Tribe.  CILA is

recognized as a tax-exempt organization by the U.S. Internal Revenue Service and the California Franchise Tax Board.

5.      CILA is dedicated, among other things, to promoting the sound administration of justice and high standards of professional competence and ethical conduct, and to providing quality education programs to Indian law practitioners, law students, and the public. *See* http://www.calindianlaw.org/our-mission.html (last visited April 8, 2015).

6.      Defendant DOJ is an agency in the Executive Branch of the United States Government, and is an agency within the meaning of 5 U.S.C. Section 552(f)(1).  The Office of the Solicitor General ("OSG") is a part of the DOJ.  The DOJ has possession, custody, and control of records to which CILA seeks access.

## STATEMENT OF FACTS

7.      On April 8, 2011, at the 36th Annual Indian Law Conference of the Federal Bar Association, in New Mexico, a video recording was presented to all attendees consisting of a speech by Neal Katyal in his capacity as the Acting Solicitor General of the United States ("ASG") (hereinafter, "Katyal Speech").  The Katyal Speech involved an apology or confession of error for misrepresentations by the OSG to the U.S. Supreme Court in *United States v. Sandoval*, 231 U.S. 28 (1913), and *Tee-Hit-Ton Indians v. United States*, 348 U.S. 272 (1955), and background regarding *United States v. Tohono O'odham Nation*, 131 S. Ct. 1723 (2011), and *United States v. Jicarilla Apache Nation*, 131 S. Ct. 2313 (2011), which were both then pending before the Supreme Court.

8.      The Katyal Speech was presented one month before another public—but written—confession of error by the same ASG regarding other OSG misrepresentations to the United States Supreme Court.  *See* Neal Katyal, ASG, *Confession of Error: The Solicitor General's Mistakes During the Japanese American Internment Cases*, Justice Blog (May 20, 2011),

2

http://blogs.justice.gov/main/archives/1346.   The latter was published on the DOJ blog, and

concerned the OSG's failure to inform the Supreme Court of a key report that undermined the federal

positions in *Hirabayashi v. United States*, 320 U.S. 81 (1943), and *Korematsu v. United States*, 323

U.S. 214 (1944), notwithstanding the Solicitor General's "special credence" before and "duty of

absolute candor" to the Supreme Court.

      9.     Such public confessions of error by the Solicitor General regarding prior Supreme

Court proceedings—like those to the Supreme Court in pending proceedings—are of notable public

interest regarding government ethics.   *See, e.g.,* Neal Kumar Katyal, *The Solicitor General and*

*Confession of Error*, 81 Fordham L. Rev. 3027 (2013); Carol W. Lewis and Stuart C. Gilman, *The*

*Ethics Challenge in Public Service* 185-86 (3d ed. 2012); David G. Savage, U.S. official cites

misconduct in Japanese American internment cases, L.A. Times (May 24, 2011),

http://articles.latimes.com/2011/may/24/nation/la-na-japanese-americans-20110525; Tony Mauro,

*Katyal Speaks of SG 'Mistakes' in Japanese Internment Cases*, The Blog of Legal Times (May 23,

2011),   http://legaltimes.typepad.com/blt/2011/05/katyal-speaks-of-sg-mistakes-in-japanese-internment-

cases.html; David M. Rosenzweig, *Confession of Error in the Supreme Court by the Solicitor*

*General*, 82 Geo. L.J. 2079 (1994).

      10.    By letter dated August 16, 2011, CILA submitted a FOIA request to the OSG for

copies of records concerning the content and preparation of the Katyal Speech, including without

limitation any drafts or discussions of it, and any correspondence from, to, or within the OSG

concerning the development, preparation, text, or delivery of the Katyal Speech.

      11.    On April 17, 2012, the OSG issued a letter responding to CILA's FOIA request,

enclosing 78 pages of records.  Of the 78 pages produced, 34 pages were completely redacted and 11

pages consisted of copies of a public brochure and an agenda for the conference where the Katyal

Speech was presented.

12.     The remaining 33 pages of records disclosed by the OSG to CILA consisted of partly redacted emails, most involving the ASG, including emails with Matthew L.M. Fletcher ("Fletcher"), an Associate Professor at Michigan State University, who had solicited the Katyal Speech.  Those emails reflected that the ASG had agreed to videotape and send in advance of the conference a 25-minute lecture including an overview of Native American cases pending at the Supreme Court, and that the ASG had recorded the Katyal Speech and sent it to Professor Fletcher via overnight delivery for presentation at the conference.

13.     The OSG's stated reasons for the FOIA disclosure redactions were the attorney work-product privilege and the deliberative-process privilege under FOIA Exemption Five, 5 U.S.C. § 552(b)(5), as well as FOIA Exemptions Two and Six, *id.* §§ 552(b)(2) and (6) (respectively concerning "internal personnel rules and practices" and files "the disclosure of which would constitute a clearly unwarranted invasion of personal privacy").

14.     The OSG did not disclose any text or recording of the Katyal Speech or any records concerning the content, preparation, or presentation of it other than the partly redacted emails.  The OSG did not explain how it conducted its search or why no disclosable record of the content or presentation of the Katyal Speech could be located.

15.     The OSG advised that CILA could administratively appeal by writing to the DOJ's Office of Information Policy ("OIP").

16.     By letter dated June 14, 2012, CILA filed a first administrative appeal to the OIP, asserting that there was no basis for the redactions because, among other reasons, "the text and drafts of and communication about a public speech consisting of an apology regarding prior cases and public information about pending cases cannot constitute either attorney-work product . . . or a

deliberative process regarding the announcement of a federal policy."

17.     On September 13, 2012, the OIP remanded for further processing of responsive records.

18.     On February 5, 2013, the OSG on remand disclosed only less redacted versions of two emails, which disclosed the FedEx number for the delivery of the recording of the Katyal Speech. The OSG again did not describe how the OSG had conducted its search or explain why the text or a recording of the Katyal Speech could not be located or disclosed. The OSG also again advised that CILA could appeal administratively by writing to the OIP.

19.     By letter to the OIP dated April 2, 2013, CILA submitted a second appeal because there was still no legal or factual basis for the redactions. Among other things, CILA again explained that "the text and drafts of and communication about a public speech consisting of an apology . . . and public information about then pending cases cannot constitute either attorney-work product . . . or a deliberative process regarding . . . a federal policy."

20.     The OIP has not responded to CILA's second administrative appeal in the more than two years since it was submitted.

21.     CILA has exhausted applicable administrative remedies for its FOIA request because the DOJ has failed to comply with the 20-day time limits for both responding to FOIA requests and FOIA administrative appeals.  *See* 5 U.S.C. §§ 552(a)(6)(A)(i)-(ii), 552(a)(6)(C)(i).

## FIRST CAUSE OF ACTION,
## FAILURE TO ADEQUATELY SEARCH FOR RESPONSIVE RECORDS

22.     All paragraphs above are hereby incorporated by reference as if fully stated herein.

23.     The DOJ has unlawfully failed to make reasonable efforts to perform an adequate search for records that are responsive to CILA's FOIA request.

## SECOND CAUSE OF ACTION,
## FAILURE TO DISCLOSE RESPONSIVE RECORDS

24.     All paragraphs above are hereby incorporated by reference as if fully stated herein.

25.     The DOJ has unlawfully withheld or redacted responsive records regarding CILA's FOIA request.

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1.      Assume jurisdiction over this matter;

2.      Enter a declaratory judgment that the DOJ's failure to search adequately for and to provide unredacted versions of records responsive to CILA's FOIA requests is unlawful.

3.      Order that the DOJ:

      a.      conduct an adequate search for all agency records responsive to CILA's FOIA request;

      b.      explain in sufficient detail the procedures used in conducting its search to establish that it has conducted an adequate search for responsive records;

      c.      promptly disclose all agency records responsive to CILA's FOIA request without unauthorized redactions; and

      d.      explain the specific reasons for any redactions including a detailed description of each record being redacted.

4.      Award CILA costs and reasonable attorneys' fees incurred in this action; and

5.      Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Donald H. Grove
Donald H. Grove, DC Bar # 470634

Nordhaus Law Firm, LLP
1401 K St. NW, Suite 801
Washington, D.C. 20005
telephone: 202-530-1270
email: dgrove@nordhauslaw.com

OF COUNSEL

Daniel I.S.J. Rey-Bear
Nordhaus Law Firm, LLP
421 W Riverside Ave., Suite 1004
Spokane, WA 99201
telephone: 505-238-1954
email:  drey-bear@nordhauslaw.com

Counsel for California Indian Law Association

Dated:   April 10, 2015